Gery W. Edson
GERY W. EDSON, P.A.
250 South Fifth Street, Suite 820
P. O. Box 448
Boise, Idaho 83702
Phone:(208) 345-8700
Fax: (208) 389-9449
Idaho Bar No. 2984
Email: gedson@gedson.com
Attorney for Petitioning Creditors

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy No. 17-01458-JDP |
| | ) | Chapter 7 |
| SHILOH MANAGEMENT | ) | **ADDENDUM TO** |
| SERVICES, INC., | ) | AFFIDAVIT OF JANELLE NELSON |
| | ) | IN SUPPORT OF EX PARTE MOTION |
| Debtors. | ) | FOR IMMEDIATE APPOINTMENT OF |
| | ) | TRUSTEE |

STATE OF IDAHO      )
                    ) .ss
COUNTY OF ADA       )

Janelle Nelson, being first duly sworn upon oath, deposes and says:

1. That I am one of the Petitioning Creditors in the above Chapter 7 Proceeding.

2. That I previously submitted an Affidavit in this matter on behalf of the Petitioning Creditors' effort to have a Chapter 7 Trustee appointed. This Affidavit supplements and clarifies my previous Affidavit.

3. That Jeffrey Kaufman, counsel representing Shiloh Management Service, Inc., has questioned the comment in my original Affidavit that "I subsequently learned that most of my investments of approximately $600,000 have no collateral associated with them." My intent was to indicate that by virtue of my liens being in junior positions, my collateral had no value.

ADDENDUM TO AFFIDAVIT OF JANELLE NELSON IN SUPPORT OF EX PARTE MOTION
FOR IMMEDIATE APPOINTMENT OF CHAPTER 7 TRUSTEE - Page 1

4.  That in the Spring of 2016 I made two loans of $200,000 and a third of $181,314 to Shiloh Management. A the time of making each loan, I required each Note to be secured by a Deed of Trust which was to be recorded immediately as a first lien priority.

5.  That I originally loaned $200,000 to Shiloh Management Services by Promissory Note dated April 3, 2016, a copy of which is attached as Exhibit "A."

6.  That secure that loan I was given a Deed of Trust on property located at 27792 Ustick Road, which property consisted of over three acres and had an existing home on site.

7.  That I subsequently learned that my Deed of Trust was not recorded and Mr. Pyles immediately applied to Canyon County to subdivide the lot by request filed on May 13, 2016. A copy of the Request for Administrative Land Division is attached hereto marked as Exhibit "B."

8.  That the property was subdivided and the portion with house was sold for $165,000 of which I received no payment. When I learned of the subdivision split, I confronted Mr. Pyles and at that point on August 2, 2017, he finally recorded my original Deed of Trust dated May 9, 2016. A copy of the recorded Deed of Trust is attached hereto marked as Exhibit "C." However, the legal was the only on the remaining bare land lot.

9.  That I was subsequently advised that the property on Ustick had four Deeds of Trust against it – one in favor of Inland Capital, LLC, for $100,000; the second to Quest IRA of Houston, Texas for $70,000; the third to Pristine Roth, Yorkville, Illinois for $30,000; and the fourth Deed of Trust to Earthrise for $42,000.

10.  That what is left of the original three acre property with the house on which I thought I was in first position, is a fraction of the original property which has an assessed value of approximately $37,000 which secures my entire $200,000 Note.

11.  That I also loaned money to what was described in the Promissory Note as "Shiloh Investments" and yet on the signature line is executed by Nathan Pyles on behalf of Shiloh

ADDENDUM TO AFFIDAVIT OF JANELLE NELSON IN SUPPORT OF EX PARTE MOTION FOR IMMEDIATE APPOINTMENT OF CHAPTER 7 TRUSTEE - Page 2

Management Services, for a Note in the original principal amount of $181,314 dated June 3, 2016. To secure the payment of that Note I was given a Deed of Trust also dated June 3, 2016, which was to be secured against property located at 17232 Sand Hollow in Canyon County, Idaho. At that time the property consisted of three acres and an existing house.

12. That the Sand Hollow lot was also subdivided and sold with the house on November 1, 2016, for an undisclosed amount of which I was paid nothing.

13. That I have been advised by Stock Boise, LLC, who also holds a Deed of Trust against the Sand Hollow property, that there is a first Deed of Trust in favor of Terry Peoples, a second Deed of Trust to Stock Boise, LLC for $130,000 as well as my Note in the amount of $181,314.

14. That the lot value of parcel two on which I still hold a Deed of Trust which was not recorded until 2017, has an assessed value of $45,940.

15. That I also loaned $200,000 to Shiloh Management Services by Note dated March 25, 2016. A copy of that Note is attached hereto marked as Exhibit "D." This Note was to be secured by a Deed of Trust also dated March 25, 2016, a copy of which is attached marked as Exhibit "E." That property consisted of four acres and contained a house and shop.

16. That shortly after lending the $200,000 to Mr. Pyles and Shiloh Management, Mr. Pyles applied to Canyon County Administrative Land Division for subdivision of the lot dated April 7, 2016. A copy of the recorded Administrative Land Division is attached hereto marked as Exhibit "F"

17. That the subdivided lot was sold with the house out of the original four acres and my Deed of Trust was not recorded until August 1, 2016 on what was left of the original four acre parcel

18. That at the time I lent monies to Mr. Pyles and Shiloh Management in the spring of 2016, I was assured that all Deeds of Trust securing my Promissory Notes were to be first lien

ADDENDUM TO AFFIDAVIT OF JANELLE NELSON IN SUPPORT OF EX PARTE MOTION
FOR IMMEDIATE APPOINTMENT OF CHAPTER 7 TRUSTEE - Page 3

positions and would be recorded at the time the transactions occurred. In reality, none of my Deeds of Trust were recorded until months or even years after the loans were made.

19. That based on the lack of equity and the misrepresentation of my lien position by Mr. Pyles, I believe my loans are virtually valueless with the minor exception of the one residential lot on Fargo Road which has an assessed value of $37,070 on an approximately $600,000 investment.

Further, your affiant sayeth naught.

DATED this 16th day of November, 2017.

_____
Janelle Nelson

SUBSCRIBED AND SWORN to before me, this 16th day of November, 2017.

_____
Notary Public for Idaho
Residing at Boise, Idaho
My commission expires: 1-12-2018

# PROMISSORY NOTE

Principle amount: $200,000 US                                              Nampa, ID, April 3, 2016

I/We, SHILOH INVESTMENTS (Borrower), promise to pay to the order of Janelle Nelson (Lender) at 11293 Greenhurst Rd sum of Two Hundred Thousand dollars ($200,000) payable in lawful money of the United States of America, with interest thereon in like money, from and after April 3, 2016 until paid, at the rate of 15% percent per annum.

Principal and Interest to be paid as follows:
Two Hundred Thousand dollars ($200,000) will paid in full at the closing of the property **27792 Ustick,**

(See Exhibit "A")

Interest will accrue at 15% percent per annum. Fee will also be One (1) point of the principal of $200,000.00 which is $2,000.00.

It is understood by both parties that this loan is for approximately 180 days from April 3, 2016. which is October 3, 2016. Furthermore it is understood by both property that if 27792 Ustick does not sell in 180 days and the money cannot be repaid within this time frame, this note can be renegotiated.

Both the 1 point and the accrued interest will be due at the closing of the said property.

At the option of the Lender this note shall become immediately due and payable without demand or notice upon the occurrence of any one of the following events:
(a) Foreclosure of the property described above.
(b) Loss of the property or structure(s) built on the property described above caused by fire, flood, or natural disaster.
(c) Death of the Borrower.
(d) Failure to refinance the property described above within 30 days the signing of this note.

If the Lender prevails in a lawsuit to collect on this note, Borrower will pay Lender's court costs, collection agency costs, attorney's fees, and any other damages in an amount the court finds to be reasonable.

_____                    _____
Borrower, Nathan W. Pyles Shiloh Management Services.        Lender, Janelle Nelson

Exhibit A



*Canyon County Code of Ordinances 16-001, Article 18*

***Director Decision***
***Administrative Land Divisions: AD2016-33***

. *Development Services Department*



**2016-018340**
RECORDED
05/13/2016 02:10 PM

0023139920160018340080080

CHRIS YAMAMOTO
CANYON COUNTY RECORDER
Pgs=8  MBROWN         $31.00
MISC
A L S SURVEYING

| Case Number: | AD2016-33 |
|---|---|
| Parcel # (s): | R37232 |
| Property Owner/Applicant(s): | Shiloh Property Management (owner) |

**Request:** Shiloh Management (owner) is requesting to administratively divide parcel R37232 into two (2) parcels, which is approximately 3.01 acres.

**Finding:** Staff finds the proposed changes are compliant with Canyon County Code. The parcel is currently described as 3.01 acres more or less. The parcel dates back to August 17, 1979 per a tax deed. The parcel shall be divided in substantial conformance with the following:

> R37232, approximately 3.01 acres, is to be divided into two residential parcels as follows and includes all easements of record (as depicted on ROS 2016-017672):
>
> Parcel 1:  1.110 acres more or less
> Parcel 2:  1.889 acres more or less

**Decision:** The application to complete an Article 18 Administrative Division for two (2) residential parcels is **APPROVED**. The development shall comply with all applicable federal, state, and county laws, ordinances, rules and regulations that pertain to the property.

The application documents, including the metes and bounds description(s) and, if applicable, the record of survey and/or perpetual easement(s) for ingress/egress evidence the land division tentatively approved. Idaho Right to Farm Act (Idaho Code § 22-4503) applies to this land use decision.

_____          May 12, 2016
Director                                                    Date

State of Idaho           )
                                    ) SS
County of Canyon County  )

On this 12th day of May, in the year of 2016, before me Adrienne Bennett, a notary public, personally appeared Adrienne Nilson, personally known to me to be the person(s) whose name(s) is (are) subscribed to the within instrument, and acknowledged to me that he (she)(they) executed the same.

Notary: _____
My Commission Expires: 3-10-2022

ADRIENNE BENNETT
NOTARY PUBLIC
STATE OF IDAHO

Exhibit B

2017-032533
RECORDED
08/02/2017 11:04 AM



0031529020170032533003 0038

# DEED OF TRUST

CHRIS YAMAMOTO
CANYON COUNTY RECORDER
Pgs=3 EHOWELL        $45.00
MTG D OF T
SHILOH MANAGEMENT SERVICES

THIS DEED OF TRUST, Made this 9 day of May, 2016
BETWEEN Shiloh Management Services, Inc
Whose address is:6268 W Lake Hazel, Nampa, ID 83687
Pioneer Title, herein called TRUSTEE, AND
Janelle Nelson at 11293 Greenhurst Rd, Nampa, Idaho 83686, herein called BENEFICIARY,
WITNESSETH: That Grantor does hereby irrevocably GRANT, BARGAIN, SELL AND CONVEY TO TRUSTEE IN TRUST WITH POWER OF SALE, that property in the County of Canyon, State of Idaho, described as follows and containing not more that forty acres:
SEE EXHIBIT A ATTACHED HERETO AND MADE A PART THEREOF
(Commonly known as 27792 Ustick, Wilder, ID)

If the Grantor hereof sells, conveys, or alienates the property described herein or any part thereof or any interest therein, any indebtedness or obligation secured hereby (irrespective of the maturity date expressed herein at the option of the Beneficiary and without demand or notice shall immediately become due and payable.

TOGETHER WITH rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits, for the purpose of securing payment of the indebtedness evidenced buy a promissory note, of even date herewith, executed by Grantor in the sum of Two Hundred Thousand Dollars,($200,000), final payment due 5/9/2018 and to secure payment of all such further sums as may hereafter be loaned or advanced by the Beneficiary herein to the Grantor herein, or any or either of them, while record owner of present interest, for any purpose, and of any notes, drafts or other instruments representing such further loans, advances or expenditures together with interest on all such sums of the rate therein provided. Provided, however, that the making of such further loans, advances or expenditures shall be optional with the Beneficiary, and provided, further that it is the express intention of the parties to this Deed of Trust that it shall stand as continuing security until paid for all such advances together with interest thereon.

A. To protect the security of this Deed of Trust, Grantor Agrees:
1. To keep said property in good condition and repair, not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.
2. To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Grantor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.
3. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear.
4. To pay: at least ten days before delinquency all taxes and assessments affecting said property, when done, all encumbrances charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of the Trust. In addition to the payments due in accordance with the terms of the note hereby secured the Grantor shall at the option, and on demand of the Beneficiary, pay each month 1/12 of the estimated annual taxes, assessments, insurance premiums, maintenance and other charges upon the property, nevertheless in trust for Grantor's use and benefit and for the payment by Beneficiary of any such items when due. Grantor's failure so to pay shall constitute a default under this trust.
5. To pay immediately and without demand all sums expended by Beneficiary or Trustee pursuant to the provisions hereof, with interest from date of expenditure at the highest lawful rate permissible under Idaho Law.
6. Should grantor fail to make any payment or to do any act as herein provided, then Beneficiary or trustee, but without obligation so to do and without notice to or demand upon Grantor and without releasing Grantor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights of power of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and , in exercising any such powers, or in enforcing this deed of trust by judicial foreclosure, pay necessary expenses, employ counsel and pay his reasonable fees.

B. It is mutually agreed that:
1. Any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.
2. By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.
3. At any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of the Deed of Trust and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey all or any part of said property; consent to the making of



Exhibit C

4. Upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, trustee shall reconvey, without warranty, the property then held hereunder. The recitals in any reconveyance executed under this Deed of Trust of any matter or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

5. As additional security, Grantor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Grantor the right, prior to any default by grantor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or=by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

6. Upon default by Grantor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, all sums secured hereby shall immediately become due and payable at the option of the Beneficiary. In the event of default, Beneficiary shall execute or cause the Trustee to execute a written notice of such default and of his election to cause to be sold the herein described property to satisfy the obligations hereof, and shall cause such notice to be recorded in the office of the recorder of each county wherein said real property or some part thereof is situated.

Notice of sale having been as then required by law, and not less than the time then required by law having elapsed, Trustee, without demand on Grantor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels and in such order as it may determine, at public auction to the highest bidder for such in lawful money of the United States, payable at the time of sale. Trustee shall deliver to the purchaser its deed conveying the property so sold, but without any covenant or warranty expressed or implied. The recitals in such deed of any matters orfacts shall be conclusive proof of the truthfulness thereof. Any person, including Grantor, Trustee, or Beneficiary, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee, and of this Trust, including cost of evidence of title and reasonable counsel fees in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the highest lawful rate permissible under Idaho law; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

Notwithstanding any other provisions hereof or of any other agreement between the parties hereto, under no circumstances shall the amount paid or agreed to be paid to such beneficiary for the use, forbearance or detention of money exceed the highest lawful rate permissible, and if a court of competent jurisdiction shall determine that the performance of any provision hereof or thereof shall result in payment of amount in excess thereof, then such provision shall be deemed appropriately modified to the extent necessary to reduce such amount to that not in excess of such rate, and any excess amount theretofore received shall be deemed applied to the principal amount of the debt.

7. This Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devises, administrators, executors, successors and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby; or, if the note has been pledged, the pledgee thereof. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or the singular number includes the plural.

8. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any proceeding in which Grantor, Beneficiary or Trustee shall be a party unless brought by Trustee.

9. In the event of dissolution or resignation of the Trustee, the Beneficiary may substitute a trustee or trustees to execute the trust hereby created, and when any such substitution has been filed for record in the office of the Recorder of the county in which the property herein described is situated, it shall be conclusive evidence of the appointment of such trustee or trustees, and such new trustee or trustees shall succeed to all of the powers and duties of the trustee or trustees named herein.

10. Request is hereby made that a copy of any Notice of Default and a copy of an Notice of Sale hereunder be mailed to the grantor at his address herein before set forth.


By: Nathan Pyles, President Of Shiloh Management Services, Inc


Notary Acknowledgment(s):

State of Idaho, County of __Canyon__, ss.

On this __2nd__ day of __August__ in the year of 2017, before me, the undersigned, a Notary Public in and for said State, personally appeared Nathan Pyles, President of Shiloh Management Services, Inc known or identified to me to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same.

Residing at: __Nampa, ID__
My Commission expires: __09-06-2022__

Exhibit "A"



*Unlimited Boundaries, Inc. dba ALS*
# Land Surveying & Planning
1103 W. Main St.
Middleton, Idaho 83644
208-585-5858 (p)   208-585-9001 (f)

## DESCRIPTION FOR
## SHILOH MANAGEMENT SERVICES, INC.
## PARCEL 1

That portion of Government Lot 1 of Section 33, Township 4 North, Range 5 West, Boise Meridian, Canyon County, Idaho, particularly described as follows:

Commencing at the southeast corner of said Government Lot 2, also being the South Quarter corner of said Section 33, from which the Center Quarter corner of said Section 33 bears along the west line of the Southeast Quarter of said Section 33, North 00°23'10" East, 2650.89 feet; Thence, North 74°29'22" West, 1407.83 feet; Thence, North 67°56'14" West, 300.00 feet; Thence, North 70°08'38' West, 80.54 feet to the **POINT OF BEGINNING**;

> Thence, North 70°08'38" West, 228.08 feet;
> Thence, North 18°18'05" East, 200.19 feet;
> Thence, South 76°05'30" East, 228.67 feet;
> Thence, South 18°18'05" West, 223.89 feet to the **POINT OF BEGINNING**, containing 1.110 acres, more or less and is subject to all easements and reservations.



# PROMISSORY NOTE

**Principle amount: $200,000 US**     *(illegible)*                    Nampa, ID, March 25, 2016

I/We, SHILOH ~~INVESTMENTS~~ *Management Services, Inc.* (Borrower), promise to pay to the order of Janelle Nelson (Lender) at 11293 Greenhurst Rd sum of Two Hundred Thousand dollars ($200,000) payable in lawful money of the United States of America, with interest thereon in like money, from and after March 25, 2016 until paid, at the rate of 15% percent per annum.

Principal and Interest to be paid as follows:
Two Hundred Thousand dollars ($200,000) will paid in full at the closing of the property **20715 Fargo,**

(See Exhibit "A")

Interest will accrue at 15% percent per annum. Fee will also be One (1) point of the principal of $200,000.00 which is $2,000.00.

It is understood by both parties that this loan is for approximately 180 days from March 25, 2016. which is September 25, 2016. Furthermore it is understood by both property that if **20715 Fargo** does not sell in 180 days and the money cannot be repaid within this time frame, this note can be renegotiated.

Both the 1 point and the accrued interest will be due at the closing of the said property.

At the option of the Lender this note shall become immediately due and payable without demand or notice upon the occurrence of any one of the following events:
(a) Foreclosure of the property described above.
(b) Loss of the property or structure(s) built on the property described above caused by fire, flood, or natural disaster.
(c) Death of the Borrower.
(d) Failure to refinance the property described above within 30 days the signing of this note.

If the Lender prevails in a lawsuit to collect on this note, Borrower will pay Lender's court costs, collection agency costs, attorney's fees, and any other damages in an amount the court finds to be reasonable.

_____     _____
Borrower, Nathan W. Pyles, Shiloh Management Services.     Lender, Janelle Nelson

Exhibit D


*accommodation*

# DEED OF TRUST

THIS DEED OF TRUST, Made this 25 day of March, 2016
BETWEEN Shiloh Management Services, Inc
Whose address is: 6268 W Lake Hazel, Nampa, ID 83687
Pioneer Title, herein called TRUSTEE, AND
Janelle Nelson at 11293 Greenhurst Rd, Nampa, Idaho 83686, herein called BENEFICIARY,
WITNESSETH: That Grantor does hereby irrevocably GRANT, BARGAIN, SELL AND CONVEY TO TRUSTEE IN TRUST WITH POWER OF SALE, that property in the County of Canyon, State of Idaho, described as follows and containing not more that forty acres:
SEE EXHIBIT A ATTACHED HERETO AND MADE A PART THEREOF
(Commonly known as 20715 Fargo) *Wilder, ID 83676*

If the Grantor hereof sells, conveys, or alienates the property described herein or any part thereof or any interest therein, any indebtedness or obligation secured hereby (irrespective of the maturity date expressed herein at the option of the Beneficiary and without demand or notice shall immediately become due and payable.

TOGETHER WITH rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits, for the purpose of securing payment of the indebtedness evidenced buy a promissory note, of even date herewith, executed by Grantor in the sum of Two Hundred Thousand Dollars,($200,000), final payment due 09/25/16 and to secure payment of all such further sums as may hereafter be loaned or advanced by the Beneficiary herein to the Grantor herein, or any or either of them, while record owner of present interest, for any purpose, and of any notes, drafts or other instruments representing such further loans, advances or expenditures together with interest on all such sums of the rate therein provided. Provided, however, that the making of such further loans, advances or expenditures shall be optional with the Beneficiary, and provided, further that it is the express intention of the parties to this Deed of Trust that it shall stand as continuing security until paid for all such advances together with interest thereon.

A. To protect the security of this Deed of Trust, Grantor Agrees:
1. To keep said property in good condition and repair, not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.
2. To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Grantor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.
3. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear.
4. To pay: at least ten days before delinquency all taxes and assessments affecting said property, when done, all encumbrances charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of the Trust. In addition to the payments due in accordance with the terms of the note hereby secured the Grantor shall at the option, and on demand of the Beneficiary, pay each month 1/12 of the estimated annual taxes, assessments, insurance premiums, maintenance and other charges upon the property, nevertheless in trust for Grantor's use and benefit and for the payment by Beneficiary of any such items when due. Grantor's failure so to pay shall constitute a default under this trust.
5. To pay immediately and without demand all sums expended by Beneficiary or Trustee pursuant to the provisions hereof, with interest from date of expenditure at the highest lawful rate permissible under Idaho Law.
6. Should grantor fail to make any payment or to do any act as herein provided, then Beneficiary or trustee, but without obligation so to do and without notice to or demand upon Grantor and without releasing Grantor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights of power of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and , in exercising any such powers, or in enforcing this deed of trust by judicial foreclosure, pay necessary expenses, employ counsel and pay his reasonable fees.

B. It is mutually agreed that:
1. Any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.
2. By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.
3. At any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of the Deed of Trust and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey all or any part of said property; consent to the making of

Exhibit E

any map of plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

4. Upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, trustee shall reconvey, without warranty, the property then held hereunder. The recitals in any reconveyance executed under this Deed of Trust of any matter or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

5. As additional security, Grantor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Grantor the right, prior to any default by grantor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

6. Upon default by Grantor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, all sums secured hereby shall immediately become due and payable at the option of the Beneficiary. In the event of default, Beneficiary shall execute or cause the Trustee to execute a written notice of such default and of his election to cause to be sold the herein described property to satisfy the obligations hereof, and shall cause such notice to be recorded in the office of the recorder of each county wherein said real property or some part thereof is situated.

Notice of sale having been as then required by law, and not less than the time then required by law having elapsed, Trustee, without demand on Grantor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels and in such order as it may determine, at public auction to the highest bidder for such in lawful money of the United States, payable at the time of sale. Trustee shall deliver to the purchaser its deed conveying the property so sold, but without any covenant or warranty expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Grantor, Trustee, or Beneficiary, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee, and of this Trust, including cost of evidence of title and reasonable counsel fees in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the highest lawful rate permissible under Idaho law; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

Notwithstanding any other provisions hereof or of any other agreement between the parties hereto, under no circumstances shall the amount paid or agreed to be paid to such beneficiary for the use, forbearance or detention of money exceed the highest lawful rate permissible, and if a court of competent jurisdiction shall determine that the performance of any provision hereof or thereof shall result in payment of amount in excess thereof, then such provision shall be deemed appropriately modified to the extent necessary to reduce such amount to that not in excess of such rate, and any excess amount theretofore received shall be deemed applied to the principal amount of the debt.

7. This Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devises, administrators, executors, successors and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby; or, if the note has been pledged, the pledgee thereof. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or the singular number includes the plural.

8. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any proceeding in which Grantor, Beneficiary or Trustee shall be a party unless brought by Trustee.

9. In the event of dissolution or resignation of the Trustee, the Beneficiary may substitute a trustee or trustees to execute the trust hereby created, and when any such substitution has been filed for record in the office of the Recorder of the county in which the property herein described is situated, it shall be conclusive evidence of the appointment of such trustee or trustees, and such new trustee or trustees shall succeed to all of the powers and duties of the trustee or trustees named herein.

10. Request is hereby made that a copy of any Notice of Default and a copy of an Notice of Sale hereunder be mailed to the grantor at his address herein before set forth.

By: Nathan Pyles, President Of Shiloh Management Services, Inc

Notary Acknowledgment(s):

State of Idaho, County of Canyon , ss.

On this 25th day of March in the year of 2016, before me, the undersigned, a Notary Public in and for said State, personally appeared Nathan Pyles, President of Shiloh Management Services, Inc known or identified to me to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same.

Residing at:

My Commission expires:

Residing in Nampa, Idaho
My Commission Expires 7-31-18

**Director Decision**
*Administrative Land Divisions: AD2016-21*

*Canyon County Code of Ordinances 16-001, Article 18*   Development Services Department

2016-013033
RECORDED
04/07/2016 01:10 PM



0022438520160013033040040

CHRIS YAMAMOTO
CANYON COUNTY RECORDER
Pgs=4 SDUPUIS    $19.00
MISC
ALS LAND SURVEYING

| Case Number: | AD2016-21 |
|---|---|
| Parcel # (s): | R36974 |
| Property Owner/Applicant(s): | Shiloh Management, Inc (owner) |

**Request:** Shiloh Management, Inc (owner) is requesting to administratively divide parcel R36974 into two (2) parcels, which is approximately 4.00 acres.

**Finding:** Staff finds the proposed changes are compliant with Canyon County Code. The parcel is currently described as 4.00 acres more or less. The parcel dates back to 1974 per a deed provided by the property owner. The parcel shall be divided in substantial conformance with the following:

> R28561, approximately 4.00 acres, is to be divided into two residential parcels as follows and includes all easements of record (as depicted on ROS 2016-011912):
>
> Parcel 1:   2.00 acres more or less
> Parcel 2:   2.00 acres more or less

**Decision:** The application to complete an Article 18 Administrative Division for two (2) residential parcels is **APPROVED**. The development shall comply with all applicable federal, state, and county laws, ordinances, rules and regulations that pertain to the property, including any specific requirements of the highway and fire district attached hereto.

The application documents, including the metes and bounds description(s) and, if applicable, the record of survey and/or perpetual easement(s) for ingress/egress evidence the land division tentatively approved. Idaho Right to Farm Act (Idaho Code § 22-4503) applies to this land use decision.

_____                        April 6, 2016
Director                                              Date

ADRIENNE BENNETT
NOTARY PUBLIC
STATE OF IDAHO

State of Idaho           )
                         ) ss
County of Canyon County  )

On this 6th day of April, in the year of 2016, before me Adrienne Bennett, a notary public, personally appeared Patricia A. Nillson, personally known to me to be the person(s) whose name(s) is (are) subscribed to the within instrument, and acknowledged to me that he (she)(they) executed the same.

Notary: Adrienne Bennett

My Commission Expires: 3-10-2022

Exhibit F