| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Shiloh Managment Services, Inc. |
| United States Bankruptcy Court for the: | DISTRICT OF IDAHO |
| Case number (if known) | 17-01458 |

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy     04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:   Income

1. **Gross revenue from business**

    ☐ None.

    | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
    |---|---|---|
    | From the beginning of the fiscal year to filing date:<br>From **1/01/2017** to **Filing Date** | ☑ Operating a business<br>☐ Other _____ | $6,145,120.00 |
    | For prior year:<br>From **1/01/2016** to **12/31/2016** | ☑ Operating a business<br>☐ Other _____ | $7,308,000.00 |
    | For year before that:<br>From **1/01/2015** to **12/31/2015** | ☑ Operating a business<br>☐ Other _____ | $4,156,661.00 |

2. **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ☑ None.

    | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
    |---|---|---|

### Part 2:   List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
    List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ☐ None.

    | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
    |---|---|---|---|

| Debtor | Shiloh Managment Services, Inc. | | Case number (if known) | 17-01458 |
|---|---|---|---|---|

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | Lamon Loucks | October 3, 2017 - payment was made via transfer of airplanes in lieu of foreclosure (See SOFA # for more information) | $65,000.00 | ☑ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other__ |
| 3.2. | See Attached Addendum to SOFA Regarding Question 3 | | $1,211,612.08 | ☑ Secured debt<br>☑ Unsecured loan repayments<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other__ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☑ None.

   | Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
   |---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ☐ None

   | Creditor's name and address | Describe of the Property | Date | Value of property |
   |---|---|---|---|
   | Lamon Loucks | 210 Cessna airplane (value approximately $50,000 - $60,000)<br>Bonanza airplane (value approximately $15,000 - $20,000) | October 3, 2017 | $75,000.00 |
   | Flash Investments, LLC<br>PO Box 1150<br>Fruitland, ID 83619 | Release of funds held in escrow. | October 24, 2017 | $75,000.00 |
   | Steve and Melissa Bowdren<br>2804 W. Sandborn Dr.<br>Riverton, UT 84065 | Release of funds held in escrow | Ocotber 16, 2017 | $50,000.00 |

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ☑ None

   | Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
   |---|---|---|---|

**Part 3:    Legal Actions or Assignments**

Official Form 207    Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    page 2

Debtor  **Shiloh Managment Services, Inc.**                                  Case number (if known) **17-01458**

### 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Philip Sorenson<br>vs<br>Nathan Pyles, Jeanette Pyles,<br>Shiloh Management Services<br>CV-2017-9996-C** | Breach of Contract | Canyon County District Court<br>1115 W. Albany St.<br>Caldwell, ID 83605 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | **In the Matter of: Nathan Pyles; Shiloh Management Services, Inc.; Shiloh Investments, Inc.; Clear Portal; Gilgal Development; Ebenezer Enterprises, LLC; and Ebenezer Investments, LLC<br>2017-7-16** | Idaho Department of Finance Investigation | Idaho Department of Finance<br>800 E. Park Blvd., #200<br>Boise, ID 83712 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.3. | **Shilo (sp)Management Services, Inc. vs. R 3 Renovations, LLC and Kevin Bech<br>CV-2015-10151** | Collection Action - resulted in judgment in Debtor's favor | Canyon County Idaho<br>1115 Albany<br>Room 342<br>Caldwell, ID 83605 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |

### 8. Assignments and receivership
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

## Part 4: Certain Gifts and Charitable Contributions

### 9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

## Part 5: Certain Losses

### 10. All losses from fire, theft, or other casualty within 1 year before filing this case.

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

## Part 6: Certain Payments or Transfers

### 11. Payments related to bankruptcy
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

Official Form 207                Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                page 3

| Debtor | **Shiloh Managment Services, Inc.** | Case number *(if known)* **17-01458** |
|---|---|---|

☐ None.

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | Law Office of D. Blair Clark<br>1513 Tyrell Lane<br>Suite 130<br>Boise, ID 83706 | | September 26, 2017 | $6,000.00 |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?**<br>Clear Portal | | | |
| 11.2. | Law Office of D. Blair Clark<br>1509 Tyrell Lane<br>Suite 180<br>Boise, ID 83706 | | November 16, 2017 | $10,000.00 |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

☑ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
    List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None.

| | Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | Lamon Loucks | 2010 Cessna airplane (value approximately $50,000 - $60,000)<br>Bonanza airplane (value approximately $15,000 - $20,000)<br>Registrations to both airplanes were in escrow with Pioneer Title and upon default of the $75,000 loan to Lamon Loucks, the registrations were delivered to Mr. Loucks as payment on the outstanding obligation. | On or about October 3, 2017 | $75,000.00 |
| | **Relationship to debtor**<br>None | | | |

**Part 7:    Previous Locations**

Debtor **Shiloh Managment Services, Inc.**　　　　　　　　　　　Case number (if known) **17-01458**

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

    ☑ Does not apply

    **Address**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Dates of occupancy**
    　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**From-To**

### Part 8: Health Care Bankruptcies

15. **Health Care bankruptcies**
    Is the debtor primarily engaged in offering services and facilities for:
    - diagnosing or treating injury, deformity, or disease, or
    - providing any surgical, psychiatric, drug treatment, or obstetric care?

    ☑ No. Go to Part 9.
    ☐ Yes. Fill in the information below.

    **Facility name and address**　　　**Nature of the business operation, including type of services**　　**If debtor provides meals**
    　　　　　　　　　　　　　　　　　　**the debtor provides**　　　　　　　　　　　　　　　　　　　　　　**and housing, number of**
    　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**patients in debtor's care**

### Part 9: Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

    ☑ No.
    ☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

    ☑ No. Go to Part 10.
    ☐ Yes. Does the debtor serve as plan administrator?

### Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

    ☑ None

    | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
    |---|---|---|---|---|

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

    ☑ None

    | Depository institution name and address | Names of anyone with access to it / Address | Description of the contents | Do you still have it? |
    |---|---|---|---|

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

Debtor  **Shiloh Managment Services, Inc.** _____    Case number *(if known)* **17-01458** _____

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |

### Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

### Part 12: Details About Environment Information

For the purpose of Part 12, the following definitions apply:
   *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

   *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

   *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No.
☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |

### Part 13: Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
| | | **Dates business existed** |

**26. Books, records, and financial statements**
   26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

| Debtor | Shiloh Managment Services, Inc. | Case number *(if known)* | 17-01458 |
|---|---|---|---|

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1. **Kohler & Eyre**<br>**1883 W Royal Hunte Drive**<br>**Suite 201**<br>**Cedar City, UT 84720** | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1. **Kohler & Eyre**<br>**1883 W. Royal Hunte Dr.**<br>**Suite 201**<br>**Cedar City, UT 84720** | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. **Kohler & Eyre**<br>**1883 W. Royal Hunte Dr.**<br>**Suite 201**<br>**Cedar City, UT 84720** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

**Name and address**

### 27. Inventories
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Nathan W Pyles | 6268 W Lake Hazel Road<br>Nampa, ID 83687 | President | 50% |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Jeanette C Pyles | 6268 W Lake Hazel Road<br>Nampa, ID 83687 | Secretary | 50% |

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

Official Form 207     Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy     page 7

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Debtor **Shiloh Managment Services, Inc.**                                    Case number (if known) **17-01458**

- [✓] No
- [ ] Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

- [ ] No
- [✓] Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1 | Nathan Pyles | Unknown cash draws; amount has yet to be reconciled. | Various | Mr. Pyles received shareholder draws in lieu of a receiving a set monthly wage. |
| | Relationship to debtor **President** | | | |

**31.** Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

- [✓] No
- [ ] Yes. Identify below.

Name of the parent corporation                                    Employer Identification number of the parent corporation

**32.** Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

- [✓] No
- [ ] Yes. Identify below.

Name of the parent corporation                                    Employer Identification number of the parent corporation

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _12-29-17_

Signature of individual signing on behalf of the debtor         **Nathan Ward Pyles**
                                                                Printed name

Position or relationship to debtor   **President**

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
- [ ] No
- [✓] Yes

**Addendum to SOFA**
**Regaring Question 3**

| Date | Amount | Creditor | Notes |
|---|---|---|---|
| List payments or transfers including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. | | | |
| 2017Aug1 | $88,925.99 | Amex | |
| 2017sep11 | $1,136.00 | Amex | |
| 2017Sep2 | $77,095.04 | Amex | |
| 2017Aug30 | $1,167.00 | Bill Buckley | |
| 2017Aug30 | $369.00 | Bowdren | |
| 2017Aug30 | $934.00 | Brendan Scott | |
| 2017Aug28 | $4,434.00 | Charles Darby | |
| 2017Aug30 | $4,434.00 | Charles Darby | |
| 2017Sep1 | $2,000.00 | Christian Beecher | |
| 2017Aug24 | $6,567.00 | Clear Portal | |
| 2017Aug28 | $7,000.00 | Clear Portal | |
| 2017Aug8 | $10,000.00 | Clear Portal | |
| 2017Aug9 | $20,000.00 | Clear Portal | |
| 2017Sep14 | $4,000.00 | Clear Portal | |
| 2017Sep17 | $8,000.00 | Clear Portal | |
| 2017Sep20 | $8,900.00 | Clear Portal | |
| 2017Sep6 | $20,000.00 | Clear Portal | |
| 2017Sep6 | $37,591.00 | CnS INC | |
| 2017Sep7 | $133,080.00 | CnS INC | |
| 2017Aug30 | $286.00 | Cynthia Preston | |
| 2017Aug30 | $8,600.00 | David Cairo | |
| 2017Sep1 | $3,000.00 | David Cairo | |
| 2017Sep15 | $2,000.00 | David Cairo | |
| 2017Aug30 | $1,167.00 | Dorene Brumbaugh | |
| 2017Aug28 | $8,056.00 | Flash Investments, Inc | |
| 2017Aug30 | $7,909.00 | Flash Investments, Inc | |
| 2017Aug30 | $1,167.00 | Gayle Allen | |
| 2017Aug28 | $8,547.00 | Hoggity Hill | |
| 2017Aug30 | $8,547.00 | Hoggity Hill | |
| 2017Aug1 | $2,600.00 | Inland Capital | |
| 2017Aug1 | $1,791.00 | Inland Capital | |
| 2017Aug30 | $6,100.64 | Inland Capital | |
| 2017Aug24 | $7,000.00 | Jared Jensen | |
| 2017Aug4 | $10,000.00 | Jared Jensen | |
| 2017Sep14 | $5,000.00 | Jared Jensen | |
| 2017Aug3 | $6,375.00 | Jim Willis | |
| 2017Aug30 | $234.00 | Joe Thompson | |
| 2017Aug30 | $506.00 | John & Patti Fagen | |
| 2017Aug25 | $123,465.00 | Kindom Trust IRA, FBO Frank Youngstrom | |
| 2017Aug30 | $5,600.00 | Laina Romani | |
| 2017Aug31 | $5,600.00 | Laina Romani | |
| 2017Sep7 | $10,500.00 | Laina Romani | |
| 2017Aug25 | $85,000.00 | Liberty Enterprises | |
| 2017Sep1 | $35,000.00 | Liberty Enterprises | |
| 2017Sep15 | $30,000.00 | Liberty Enterprises | |
| 2017sep21 | $40,000.00 | Liberty Enterprises | |
| 2017Sep7 | $30,000.00 | Liberty Enterprises | |
| 2017Aug29 | $2,863.00 | MDF | |
| 2017Aug30 | $2,683.00 | MDF | |
| 2017Aug30 | $875.00 | Molly Graham | |

Addendum to SOFA
Regaring Question 3

| Date | Amount | Description | Notes |
|---|---|---|---|
| 2017Aug29 | $2,450.00 | Mt West IRA-Chet Pipkin | |
| 2017Aug30 | $2,450.00 | Mt. West IRA Chet Pipkin | |
| 2017Aug17 | $6,200.00 | Pioneer Title Long Term Escrow | For Don Thornton & David King |
| 2017Aug28 | $5,793.00 | Preston Roth IRA | |
| 2017Aug30 | $5,793.00 | Preston Roth IRA | |
| 2017Sep2 | $82,968.00 | Quality Properties | |
| 2017Aug1 | $14,000.00 | RAM-Par Funding & TVT to split | |
| 2017Aug30 | $14,000.00 | RAM-Par Funding & TVT to split | |
| 2017Aug18 | $11,000.00 | RAM-Par Funding only | |
| 2017Sep15 | $11,000.00 | RAM-Par Funding only | |
| 2017Aug28 | $13,232.00 | Stock Boise | |
| 2017Aug30 | $12,899.00 | Stock Boise | |
| 2017Aug30 | $1,334.00 | TLP Investments | |
| 2007Aug21 | $6,500.00 | Triple B | |
| 2017Aug10 | $1,353.00 | Triple B | |
| 2017Aug10 | $8,950.00 | Triple B | |
| 2017Aug10 | $1,000.00 | Triple B | |
| 2017Aug10 | $5,125.00 | Triple B | |
| 2017Aug10 | $2,500.00 | Triple B | 5 Fred Meyer gift cards ($500 each) |
| 2017Aug21 | $3,750.00 | Triple B | Cash |
| 2017Aug22 | $1,000.00 | Triple B | Cash |
| 2017Aug22 | $6,684.00 | Triple B | |
| 2017Aug3 | $1,500.00 | Triple B | Cash |
| 2017Aug30 | $6,684.00 | Triple B | |
| 2017Aug8 | $750.00 | Triple B | Cash |
| 2017Sep1 | $4,600.00 | Triple B | |
| 2017Sep13 | $4,200.00 | Triple B | |
| 2017Sep15 | $2,250.00 | Triple B | Cash |
| 2017Sep15 | $2,500.00 | Triple B | Cash |
| 2017Sep15 | $6,500.00 | Triple B | |
| 2017Sep19 | $5,950.00 | Triple B | |
| 2017Sep19 | $4,500.00 | Triple B | 9 Fred Meyer gift cards ($500 each) |
| 2017Sep19 | $4,500.00 | Triple B | |
| 2017Sep19 | $2,000.00 | Triple B | |
| 2017Sep19 | $5,950.00 | Triple B | |
| 2017Sep19 | $4,500.00 | Triple B | |
| 2017Sep22 | $16,475.00 | Triple B | |
| 2017Aug23 | $6,540.41 | unknown cashier's check | believed to Pioneer Title for closing shortfall |
| 2017Sep20 | $14,793.00 | unknown cashier's check | believed to Pioneer Title for closing shortfall |
| 2017Aug30 | $1,334.00 | Walter McCarthy | |
| | $1,211,612.08 | TOTAL | |