Matthew T. Christensen, ISB: 7213
ANGSTMAN JOHNSON
199 N. Capitol Blvd., Ste 200
Boise, ID 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email:  mtc@angstman.com

Attorney for Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>SHILOH MANAGEMENT SERVICES, Inc.,<br><br>Debtor. | Case No. 17-01458-JMM<br>Chapter 7 |

**MOTION FOR APPROVAL OF COMPROMISE – Christian Care**

Pursuant to Fed. R. Bankr. P. 9019, the Trustee, by and through his counsel of record, Angstman Johnson, moves the Court for approval of a compromise between the Bankruptcy Estate and Christian Care Ministry ("Christian Care").  Through this compromise, upon the Court's approval the Estate will release all claims against Christian Care in return for payment by Christian Care of $5,000.00.

In support of this Motion, the Trustee alleges the following:

**FACTS**

The Debtor, Shiloh Management Services, Inc. ("Shiloh") was organized and operated for the purpose of developing and selling real property.  During the years of its existence, Shiloh routinely obtained loans from individuals or entities, which were secured by deed of trust on the various real property owned by the Debtor.  Additionally, during

MOTION FOR APPROVAL OF COMPROMISE (Christian Care) – Page 1

the last years of operation, Shiloh also obtained several merchant cash advance (MCA) loans which required daily repayment of those loans. During those last years of operation, the Debtor routinely failed to pay its lenders as required by the loan agreements.

During this same time period, Shiloh made payments to Christian Care of at least $11,695.99. (The Trustee has investigated the payments and has so far identified this full amount. Discovery in actual litigation against Christian Care could reveal additional payments.) At the time each of the payments was made, the Trustee believes Shiloh did not owe any debts to Christian Care. Rather, the payments to Christian Care were made for, or on behalf of, individuals or entities other than Shiloh.

The Trustee asserted claims against Christian Care for fraudulent transfers, and Christian Care disputes the claims. Rather than proceed to trial, the parties have agreed to settle the bankruptcy estate's claims. In general terms, Christian Care has agreed to pay $5,000.00 to the bankruptcy estate, and the bankruptcy estate has agreed to waive and release any and all claims against Christian Care. For the reasons detailed below, the Trustee believes that this is a fair compromise of the various issues related to Christian Care.

## **PROPOSED COMPROMISE**

Subject to Court approval, the Trustee asserts that the proposed settlement is a "fair and equitable" resolution of the dispute, based upon factors such as: the probability of successfully litigating the claims, difficulty in enforcement of a judgment, the complexity, expense, and delay of the litigation, the risk of non-collection, and the paramount interest of creditors, as analyzed below. *See In re: Marples*, 266 B.R. 202, 206, 01.3 I.B.C.R. 116,

118 (Bankr. D. Idaho, 2001); *Martin v. Kane (In re: A&C Properties)*, 784 F.2d 1377, 1381-83 (9th Cir., 1986).

### **PROBABILITY OF SUCCESSFULLY LITIGATING THE CLAIM**

The Trustee's claims are fraudulent transfer claims based on 11 U.S.C. §548 and 11 U.S.C. §544.  In order to prevail on the claims, the Trustee must prove either (1) the Debtor made the payments to Christian Care with the actual intent to hinder, delay or defraud its creditors (i.e., the various lenders and/or vendors), or (2) that the payments were made at a time that the Debtor was insolvent, and the Debtor received less than reasonably equivalent value for the transfers.

These claims are subject to various defenses, including that the Debtor received reasonably equivalent value (or, at least, some value) or that the Debtor was actually solvent at the time the payments were made.  Further, Christian Care may be able to show that it provided some benefit to the Debtor in return for the payments.  For instance, Christian Care asserts that it is a health care sharing ministry, and that the payments from the Debtor were, in effect, health insurance payments.  If the payments were in the nature of health insurance payments, Christian Care may argue and prove that the payments were benefits that the Debtor provided to its employees as compensation.  The Trustee believes he can show that during all relevant time periods, the Debtor was not paying its debts as they became due, and therefore was insolvent.  However, Christian Care may dispute this claim for the time period of its payments.

The Trustee believes he would likely prevail on the claims – but recognizes the risks that the available defenses pose to the claims. The Trustee therefore asserts that this factor weighs in favor of approving the compromise.

### DIFFICULTY IN ENFORCEMENT OF A JUDGMENT

The Trustee does not believe, if a judgment is issued after trial in the full amount of the Trustee's potential claim, that collection of the judgment against Christian Care would be a significant issue (largely due to the small dollar amount of the claims). Accordingly, this factor does not weigh either for or against approving the compromise.

### COMPLEXITY, EXPENSE, AND DELAY OF THE LITIGATION

Fraudulent transfer claims, as the Court is aware, are highly factual and depend, in large part, on testimony of parties and/or experts regarding intent, insolvency, and values of products or services provided by the transferee. While there may be some attempts to resolve the Trustee's claims through motion practice, the claims will likely proceed to trial. That trial will be factual intensive, and involve a multitude of transfers on several different dates, thus requiring testimony regarding all of the transfers, insolvency on all of the transfer dates, and value provided to the Debtor for the transfers. Additionally, testimony regarding the Debtor's actual fraud at the time of the transfers will be necessary. The multitude of the actual transfers, spread over a large period of time, add significant complexity to the claims.

Additionally, if the claims proceed, Christian Care may assert a right to jury trial and request the district court withdraw the reference of the case to the bankruptcy court.

Involving the district court in resolving the cases adds additional complexity and time due to the district court's full docket.

The total claims against Christian Care are relatively small amounts. The time and expense of proceeding to an actual trial on these claims would likely far outstrip the total value of the claims.

The Trustee has employed counsel on an hourly-fee basis. Due to the small nature of these claims, there is a real possibility that any recovery amount would be eclipsed by the attorney fees and costs incurred. Accordingly, approval of the compromise saves on attorney fees. Additionally, the Trustee may require an expert to testify regarding the insolvency of the Debtor at the time of the transfers. To date, no expert has performed any work specific to the claims against Christian Care, and therefore approval of this compromise will save the expense of the expert for these claims.

While these are not the only claims being pursued by the Trustee (such that the bankruptcy estate can quickly be would up after this compromise is approved), there is currently no trial date set on these claims. Approving this compromise will allow the Trustee (and other parties) to focus on the remaining claims in litigation and work to quickly expedite those claims. The Trustee believes these factors weigh in favor of approving the compromise.

**PARAMOUNT INTEREST OF CREDITORS**

By this compromise, the estate will be receiving $5,000.00 which is approximately 43% of the total of claims against Christian Care. This decrease in the entire claim amount is justified, in the Trustee's business judgment, by the risks to trial (as outlined above), the

attorney fees that would be incurred if the claims are pursued, and the real possibility that these claims would likely not be pursued at all if the compromise is not approved.

Approval of this compromise will allow the Trustee to focus on the remaining claims being pursued, while providing the compromised funds for the benefit of the creditors in this case. The Trustee believes this factor weighs in favor of approving the compromise.

## **CONCLUSION**

For the above-stated reasons, the Trustee asserts that the proposed compromise is a fair and equitable resolution of the matter and is in the best interests of the creditors. Based on the foregoing, he respectfully requests the Court enter an order granting the Motion and approving the Compromise.

DATED this 17th day of April, 2020.

/s/ Matt Christensen
MATTHEW T. CHRISTENSEN
Attorney for the Trustee

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of April, 2020, I filed the foregoing MOTION FOR APPROVAL OF COMPROMISE (CHRISTIAN CARE) electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@angstman.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Amber N. Dina | amberdina@givenspursley.com |
| Gery Edson | gedson@gedson.com |
| Noah G. Hillen | ngh@hillenlaw.com |
| Jeffrey Philip Kaufman | jeffrey@dbclarklaw.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| Daniel C. Green | dan@racinelaw.net |
| Mario O Hart | mhart@parsonsbehle.com |
| Jordan Sky Ipsen | skyi@mlclarklaw.com |
| Joseph B. Jones | joseph.jones@finance.idaho.gov |
| Kelly Green McConnell | litigation@givenspursley.com |
| Alex P. McLaughlin | apm@givenspursley.com |
| Jason R. Naess | jason@pmt.org |
| Rudy L. Patrick | rudy@rudypatrick.com |
| Holly Roark | holly@roarklawboise.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |

Any others as listed on the Court's ECF Notice.

    /s/ Matt Christensen
Matthew T. Christensen

# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is made and entered into as of the 2nd day of March, 2020, by and between **NOAH G. HILLEN**, Bankruptcy Trustee for the Bankruptcy Estate of Shiloh Management Services, Inc. (Bankruptcy Case No. 17-01458-JMM) (hereinafter "Hillen" or the "Trustee"), and **Christian Care Ministry**, a Florida non-profit corporation ("CCM"). The Trustee and CCM are collectively referred to herein as the "Parties".

### RECITALS

A.  **WHEREAS**, an involuntary Chapter 7 petition was filed against Shiloh Management Services, Inc., (the "Debtor") initiating a case under Chapter 7 of the U.S. Bankruptcy Code, Bankruptcy Case No. 17-01458-JMM, on November 1, 2017 (the "Bankruptcy Case");

B.  **WHEREAS**, Hillen was later duly appointed as the Chapter 7 Trustee for the Bankruptcy Case;

C.  **WHEREAS**, Hillen has investigated, and believes he holds, claims against CCM for fraudulent and/or preference transfers made by the Debtor prior to the filing of the Bankruptcy Case in the total amount of $11,695.99 (the "Claims"). Hillen has pursued the Claims in Adversary Case No. 19-06063-JMM (the "Adversary Case");

D.  **WHEREAS**, CCM disputes the Claims and the facts underlying the Claims;

E.  **WHEREAS**, in settlement of the various issues, the Parties have agreed to certain things, described in further detail below; and

F.  **WHEREAS**, it is the intention of the Parties to settle the issues as the Parties have reached a mutually acceptable agreement which will result in a settlement of all issues described above between the Parties, contingent on certain things, as outlined below.

### AGREEMENTS AND RELEASES

**NOW, THEREFORE**, in consideration of the mutual promises, terms, obligations and undertakings set forth herein, and other good and valuable consideration, the sufficiency and adequacy of which is hereby acknowledged, the Parties agree as follows:

1. Agreement:

    a. Upon the full execution of this Agreement, within fourteen (14) days, CCM shall pay the sum of $5000.00 to the bankruptcy estate in settlement of the Claims.

**Settlement and Release Agreement (CCM) Page - 1 of 4**

58217.0001.12677814.1

  b. Upon payment of the settlement amount (described above) and court approval of this settlement, the parties agree to dismiss the Adversary Case with prejudice.

2. <u>Recitals Incorporated by Reference.</u> The Parties incorporate into this Agreement, as part of the terms of this Agreement, the "Recitals" set forth above.

3. <u>Releases.</u>

  a. <u>Release of CCM by Hillen.</u> Contingent upon payment of the above-described amounts and bankruptcy court approval, Hillen, on behalf of the bankruptcy estate, hereby knowingly and voluntarily agrees and warrants to forever discharge and release CCM, and its successors and assigns, from any and all claims, demands, and causes of actions, legal, equitable, or otherwise, now known or subsequently discovered which may hereafter accrue on account of or in any way arising out of, or related to any of the Claims or the settlement described herein. This is a complete and full release of any and all claims, legal, equitable, or otherwise, by the undersigned, and without limitation except as expressly provided for herein (including the named contingencies).

  b. <u>Release of Hillen and the bankruptcy estate by CCM.</u> Contingent upon payment of the above-described amounts and bankruptcy court approval, and except for any claims under 11 U.S.C. § 502(h), CCM, on behalf of itself and any affiliates, assignees or successors-in-interest, hereby knowingly and voluntarily agrees and warrants to forever discharge and release Hillen (individually and as Trustee of the bankruptcy estate), and his successors and assigns, from any and all claims, demands, and causes of actions, legal, equitable, or otherwise, now known or subsequently discovered which may hereafter accrue on account of or in any way arising out of, or related to any of the Claims or the settlement described herein. This is a complete and full release of any and all claims, legal, equitable, or otherwise, by the undersigned, and without limitation except as expressly provided for herein (including the named contingencies).

4. <u>Contingent.</u> The Settlement contemplated by this Agreement is contingent upon full and complete payment by CCM and approval by the Bankruptcy Court presiding over the Bankruptcy Case. Absent such payment or approval, this Settlement shall be null and void and inadmissible in any subsequent proceeding pursuant to Federal Rule of Evidence 408.

5. <u>Representations and Warranties.</u> The Parties each warrant that they have agreed to enter into this Agreement knowingly and voluntarily and not in reliance upon any promise, inducement, or agreement, other than that which is specified herein. The Parties further warrant that they have full authority to enter into the terms of the compromise, pursuant to any governing documents (if any) of the Parties.

6.  **Cause of Action for Breach.** If any Party breaches this Agreement, the other Party or Parties shall have a cause of action for the breach. In such an action, the prevailing Party or Parties shall be entitled to recover from the breaching Party or Parties, in addition to any other relief provided by law or equity, such costs and expenses (including reasonable attorney's fees) as may be incurred by the prevailing Party or Parties in enforcing or otherwise applying the terms of this Agreement. Any action under this paragraph shall not in any way invalidate or nullify the settlement or any other terms of this Agreement.

7.  **Entire Agreement.** This Agreement and any references hereto contains the entire understanding between the Parties and supersedes all pre-existing or contemporaneous agreements or understandings, oral or written, respecting the subject matter hereof.

8.  **No Oral Modifications.** This Agreement may be modified in whole or in part only by an agreement in writing executed by the Parties or their counsel.

9.  **Independent Legal Advice.** Each of the Parties have received or declined to receive independent legal advice from legal counsel of their choice with respect to the advisability of making the settlement and release provided for herein and with respect to the advisability of executing this Agreement. Specifically, to the extent any Party is acting without the advice of counsel, by signing below they acknowledge that they have been specifically advised by the other parties to this agreement to seek the advice of counsel, and have been provided a full and sufficient opportunity to do so. This Agreement shall be deemed to have been drafted by all the Parties.

10. **Severability.** The Parties acknowledge that the purpose of this Agreement is to settle disputes and release claims, and in the event for any reason that any provision or portion of this Agreement shall be found to be void or invalid, the Parties will continue to interpret this Agreement to accomplish the stated purpose.

11. **Investigation.** Each of the Parties have read the Agreement carefully, knows and understands the contents thereof, and has made such investigation of the facts pertaining to the settlement and this Agreement and of all matters pertaining hereto, or impacted hereby, as it deems necessary or desirable. No Party has relied upon any statement, representation, or promise of any other Party, or of any representative or attorney for any other Party, in executing this Agreement or in making the settlement provided for herein.

12. **Governing Law.** This Agreement shall be governed and construed in accordance with the laws of the State of Idaho in all respects, including matters of construction, enforcement and performance, without regard to principles of conflicts of laws. The Parties agree that the venue of any action to enforce this Agreement shall be in the United States Bankruptcy Court for the District of Idaho.

13. **Counterparts.** This Agreement may be executed in two or more counterparts, transmitted by facsimile, pdf or otherwise, each of which shall be deemed an original, and all of which together shall constitute a single instrument.

**Settlement and Release Agreement (CCM) Page - 3 of 4**

58217.0001.12677814.1

14. <u>Waiver</u>. Failure of a party to exercise a right upon default of the other party shall not be construed as a waiver of a right to insist upon full performance of all the terms and conditions of this Agreement.

IN WITNESS WHEREOF the Parties have caused this Agreement to be executed the day and year first above written.

_____
Noah G. Hillen, Trustee for the
Bankruptcy Estate of Shiloh Management Services, Inc.


_____
Elizabeth Gibson, In-House Counsel for
Christian Care Ministry, Inc.